UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>F.W. WEBB COMPANY,<br><br>Defendant. | Civil Action No. 1:20-CV-11450-AK |

**JUDGMENT AND ORDER**

Plaintiff Acting Secretary of Labor, United States Department of Labor (the "Secretary"), filed a Complaint (ECF No. 1) in this action asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") against Defendant F.W. Webb Company ("Webb"). Webb has received a copy of that Complaint, waived service of process, and filed an Answer (ECF No. 18), denying certain of the allegations in the Secretary's Complaint.

The Secretary and Webb filed motions for partial summary judgment in November 2022. (ECF Nos. 60, 63). The Secretary moved for summary judgment on her claims that Webb violated the overtime, recordkeeping, and anti-retaliation requirements of the FLSA. (ECF No. 63). With regard to her overtime and recordkeeping claims, the Secretary asserted in her summary judgment filings that Webb misclassified its inside sales representatives ("ISRs") as administratively exempt employees under the FLSA. (*Id.*). The Secretary did not seek summary judgment on Webb's defense that certain ISRs are exempt as highly compensated employes under 29 C.F.R. § 541.601(a). (ECF No. 72 at 2 n.1). Webb moved for summary judgment solely on the Secretary's anti-retaliation claim. (ECF No. 60).

1

On June 16, 2023, the Court entered a Memorandum and Order granting in part and denying in part the Secretary's motion for partial summary judgment and denying Webb's motion for partial summary judgment. (ECF No. 111) (the "Summary Judgment Decision"). In the Summary Judgment Decision, the Court held that Webb's ISRs were not administratively exempt under the FLSA and granted summary judgment to the Secretary on her overtime and recordkeeping claims. (*Id.* at 1-2). The Summary Judgment Decision does not address Webb's highly compensated employee defense, as the Secretary did not seek summary judgment on that defense. The Court denied the Parties' motions for summary judgment on the Secretary's retaliation claim. (*Id*. at 2).

The Secretary and Webb have agreed to this Judgment and Order (the "Judgment") as a complete resolution of the claims and defenses that remain for trial following the Summary Judgment Decision, including any claim that Webb's ISRs who earned more than the amount required under 29 C.F.R. § 541.601(a) are not exempt from the FLSA's overtime requirements. The Summary Judgment Decision is incorporated into and made a part of the Judgment, which preserves Webb's right to appeal the issues resolved in that Summary Judgment Decision to the United States Court of Appeals for the First Circuit and the ability of either party to seek a writ of certiorari from the Supreme Court of the United States. *See, e.g.*, *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbldg. Workers of Am.*, 132 F.3d 824, 828-29 (1st Cir. 1997); *Robb Evans & Assoc. LLC v. United States*, 850 F.3d 24, 30 (1st Cir. 2017).

The Court concludes that it has jurisdiction to enter this Judgment, and the Secretary and Webb agree to its terms.

THEREFORE, consistent with the Summary Judgment Decision, and with the Parties' agreement to resolve all issues that remain for trial following the Summary Judgment Decision, it is hereby ORDERED, ADJUDGED, and DECREED, that:

1. The Summary Judgment Decision is incorporated into and made a part of this Judgment.

2. Webb, its agents, servants, employees, and all persons acting or claiming to act on their behalf and interest be, and hereby are, permanently enjoined and restrained from violating the provisions of the FLSA in any of the following manners:

   a. Webb shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any non-exempt employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than 40 hours, unless such employees receive compensation for their employment in excess of 40 hours at a rate not less than one and one-half times the employees' regular rates of pay.

   b. Webb shall not fail to make, keep, and preserve records of non-exempt employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and found in Title 29, Part 516 of the Code of Federal Regulations.

   c. Webb shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under

or related to the FLSA, has testified or is about to testify in any such proceeding, or has otherwise engaged in protected activity under the FLSA.

3. As shown on the attached Exhibit A1, Webb's ISRs who earned less than the amount required under 29 C.F.R. § 541.601(a) are due back wage overtime compensation in the amount of $3,268,540 for the period August 4, 2018 through June 30, 2023 (the "Judgment Period"). Exhibit A1 is incorporated herein and made a part hereof. It is therefore ORDERED, ADJUDGED, and DECREED that Webb is restrained from withholding payment of said overtime compensation.

4. The back wage terms of this Judgment only cover: (a) the Judgment Period and (b) the individuals named in Exhibit A1 hereto. This Judgment shall have no effect on any back wages that: (a) may have accrued outside the Judgment Period or (b) may be owed to any individual not named on Exhibit A1.

5. Webb shall remit to the Secretary the back wages it is restrained from withholding under Paragraph 3 of this Judgment no later than 30 days after the date on which the Court enters this Judgment.

6. The back wage provisions in Paragraph 3 of this Judgment shall be deemed satisfied when the Court grants the Secretary leave to withdraw from the Court's Federal Rule of Civil Procedure 67 registry account the payment totaling $3,268,540 in gross overtime back wages.  Deductions for Webb's employees' share of social security and federal withholding taxes will then be made by the United States Department of Labor, with no deduction for the employees' state withholding tax. Webb shall pay the employer's share of FICA to the appropriate authorities for the back wages paid pursuant to this Judgment after presentation of the United States Department of Labor's quarterly summary of employee payments made.

7. Within 14 days after the Court enters this Judgment, Webb shall deliver to the U.S. Department of Labor, Wage and Hour Division, JFK Federal Building, 15 New Sudbury Street, Room 525, Boston, Massachusetts 02203, Attention: Assistant District Director, a statement showing the following: employer's Federal ID number(s), the name of each employee listed in Exhibit A1, and each employee's current address, telephone and/or cellular telephone number, email address, and social security number, only to the extent currently known by Webb.

8. If recovered back wages have not been claimed by an individual listed on Exhibit A1 within three years because of inability to locate the individual or because of the individual's refusal to accept such sums, the Secretary shall deposit the back wages into the United States Treasury as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

9. Webb shall not, in any way, solicit, demand, accept, or keep any amount paid or payable to any individual under this Judgment or in any manner attempt to recover any amounts paid to such individuals in connection with this Judgment. In the event any such amount is received from any individual listed on Exhibit A1, Webb shall immediately remit such amount to the United States Department of Labor at the following address: United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103, Attn: Linda Estacio.

10. Webb reserves the right to appeal this Judgment, to the extent that it incorporates the Summary Judgment Decision, to the United States Court of Appeals for the First Circuit. Either Webb or the Secretary may seek a writ of certiorari from the Supreme Court of the United States from the decision of the First Circuit.

11. Nothing in this Judgment precludes the Secretary from using evidence discovered in the investigation that led to the Complaint in this matter in any future investigation,

enforcement action, or legal action.

12. The Secretary does not concede that ISRs who meet the salary threshold under 29 C.F.R. § 541.601(a) qualify as exempt highly compensated employees under the FLSA; conversely, Webb asserts that they are exempt. The Secretary may not seek contempt under this Judgment with respect the overtime and recordkeeping requirements of the FLSA as applied to Webb's ISRs who meet the salary threshold under 29 C.F.R. § 541.601(a). Whether ISRs who meet that salary threshold are exempt under the FLSA has not been adjudicated here.

13. Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

SO ORDERED, this __30th__ day of _____August_____, 2023.

/s/ Angel Kelley
Honorable Angel Kelley
United States District Judge

Respectfully submitted,

| FOR PLAINTIFF, SECRETARY OF LABOR, | FOR DEFENDANT, F.W. WEBB COMPANY, |
|---|---|
| Seema Nanda<br>Solicitor of Labor | */s/ Barrick Bollman*<br>Rachel B. Cowen, pro hac vice<br>J. Barrick Bollman, pro hac vice |
| Maia S. Fisher<br>Regional Solicitor | MCDERMOTT WILL & EMERY LLP<br>444 W. Lake Street, Ste. 4000<br>Chicago, IL 60654 |
| Mark A. Pedulla<br>Wage and Hour Counsel | 312-372-2000<br>rcowen@mwe.com<br>bbollman@mwe.com |
| */s/ Scott M. Miller*<br>Scott M. Miller/BBO# 666509<br>Senior Trial Attorney<br>U.S. Department of Labor<br>Office of the Solicitor<br>JFK Federal Building, Room E-375<br>Boston, MA 02203<br>617-565-2500<br>miller.scott.m@dol.gov | */s/ Gary S. Matsko*<br>Gary S. Matsko/BBO# 324640<br>Lawrence J. Casey/BBO# 555766<br>Courtney A. Simmons/BBO# 694861<br>Michelle R. Cassorla/BBO# 688429<br>DAVIS, MALM & D'AGOSTINE, P.C.<br>One Boston Place, 37th Floor<br>Boston, MA 02108<br>617-367-2500<br>gmatsko@davismalm.com<br>lcasey@davismalm.com<br>csimmons@davismalm.com<br>mcassorla@davismalm.com |
| Attorneys for Plaintiff | Attorneys for Defendant |